# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

JOHN DOE BM,              )
)
         **Plaintiff,**      )
)
**v.**                    )
)       **Case No. 18-2349-CM-TJJ**
**UNITED STATES OF AMERICA and**  )
**MARK WISNER,**        )
)
        **Defendants.**    )
)

## MEMORANDUM AND ORDER

Plaintiff John Doe BM brings this case against defendants United States of America and Mark Wisner, pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671 and 38 U.S.C. § 7316(a), (f), alleging that Wisner conducted improper and/or unnecessary physical examinations of plaintiff, made inappropriate sexual comments, and mis-prescribed or over-prescribed medication. Plaintiff also alleges state law claims. This matter is before the court on defendant United States of America's Motion to Dismiss (Doc. 3). Defendant argues that plaintiff's complaint should be dismissed for lack of subject matter jurisdiction and because it fails to state a claim under Federal Rules of Civil Procedure 12(b)(1) and (6). For the reasons set forth below, the court grants defendant's motion.

Plaintiff is a veteran who sought treatment at the Dwight D. Eisenhower VA Medical Center ("VA") located in Leavenworth, Kansas. Wisner treated and provided medical care for plaintiff. Wisner was a physician's assistant for the VA, and is a defendant in more than ninety pending civil suits before this court.

The claims in this case are similar to claims in a number of other cases this court has considered. *See, e.g.*, *Anasazi v. United States*, No. 16-2227, 2017 WL 2264441, at *1–*2 (D. Kan. May 23, 2017); *Doe D. E. v. United States*, No. 16-2162, 2017 WL 1908591, at *1–*2 (D. Kan. May 10, 2017). The court will not repeat the details of them here. Highly summarized, they are: (1) Count I: Negligence – Medical Malpractice; (2) Count II: Negligent Supervision, Retention and Hiring; (3) Count III: Battery; and (4) Count IV: Invasion of Privacy.

Likewise, the court has set forth the governing legal standards in a number of other cases involving the same parties and similar claims. The court does not repeat them here, but applies them as it has in the past. *See, e.g.*, *Anasazi*, 2017 WL 2264441, at *2; *Doe D. E.*, 2017 WL 1908591, at *2.

Although the parties address the same arguments in this case as they have in many previous cases, here, the court need only address one: the statute of repose, which applies to all counts against defendant.

Defendant claims that all of plaintiff's claims are barred by Kansas's four-year statute of repose. *See* Kan. Stat. Ann. § 60-513(c) (stating that, with respect to a "cause of action arising out of the rendering of or the failure to render professional services by a health care provider," "in no event shall such an action be commenced more than four years beyond the time of the act giving rise to the cause of action"). Plaintiff disagrees, raising four arguments in opposition to defendant's position: (1) Section 60-513(c) does not apply to plaintiff's claims because Wisner was not a "health care provider"; (2) In any event, § 60-513(c) does not apply to plaintiff's claims for battery and invasion of privacy; (3) The FTCA's administrative process tolls the statute of repose; and (4) Equitable estoppel tolls the statute of repose.

The court has addressed all four of these arguments a number of times. First, Wisner was a health care provider, making § 60-513(c) applicable. *See, e.g.*, *Doe BF v. United States*, No. 17-2088,

2017 WL 4355577, at *2 (D. Kan. Oct. 2, 2017); *Almquist v. United States*, No. 17-2108, 2017 WL 4269902, at *2 (D. Kan. Sept. 25, 2017). Second, § 60-513(c) applies to all of plaintiff's claims, including battery, outrage, and invasion of privacy. *See, e.g.*, *Doe BF*, 2017 WL 4355577, at *2; *Almquist*, 2017 WL 4269902, at *2. Third, the FTCA administrative process tolls the statute of repose. *See, e.g.*, *Doe BF*, 2017 WL 4355577, at *3; *Almquist*, 2017 WL 4269902, at *3. And fourth, equitable estoppel does not further toll the statute of repose. *See, e.g.*, *Doe BF*, 2017 WL 4355577, at *3–*4; *Almquist*, 2017 WL 4269902, at *3–*4. Plaintiff urges the court to reconsider three of these four rulings (in particular, the ruling about whether § 60-513(c) is applicable), but the court declines to do so.

In this case, the impact of these rulings is that all of plaintiff's claims are barred by the statute of repose. In his complaint, plaintiff alleges that he saw Wisner "on multiple occasions from 2010 and 2012." Taking these allegations as true, all of plaintiff's claims must have happened before Setpember 12, 2013, which was four years before plaintiff filed an administrative claim. The claims are therefore barred, and the court dismisses plaintiff's claims against defendant United States of America.

**IT IS THEREFORE ORDERED** that defendant's motion to dismiss (Doc. 3) is granted in full. Plaintiff's claims against defendant United States of America are dismissed. At this time, however, plaintiff's claims against Wisner remain, so the case remains open.

Dated this 19th day of November, 2018, at Kansas City, Kansas.

s/ Carlos Murguia_____
**CARLOS MURGUIA**
**United States District Judge**